IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

   v.  :  Civil Action No. DKC 09-0455

GILBERT KITILA  :

**MEMORANDUM OPINION**

The Government brought this action for the purpose of reducing to judgment the tax assessments made against Gilbert Kitila for unpaid federal income taxes and statutory additions to tax for the 1988, 1989, and 1990 tax years. Presently pending and ready for resolution are (1) Defendant's motion to deem his requests for admissions to be admitted (Paper 9), (2) Plaintiff's motion for summary judgment (Paper 11), (3) Defendant's motion for summary judgment (Paper 12), and (4) Defendant's cross motion for summary judgment (Paper 13). The issues have been briefed fully and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motions will be denied and Plaintiff's motion will be granted.

**I.   Background**

According to the declaration of Revenue Officer Kellye Goode, and based on records of the United States Internal

Revenue Service ("IRS"), as of February 25, 2009, Defendant Gilbert Kitila owes a total of $795,709.84 for unpaid federal income taxes, penalties, and interest for tax years 1988, 1989, and 1990.  (Paper 11, Attach. 2, Goode Decl., ¶ 3-4).  Notices and demand for payment were made.  The Government filed this case on February 24, 2009, seeking to collect $914,771.21 plus statutory additions and interest.  (Paper 1, at 4).  On August 10, 2009, Defendant filed a motion to deem his requests for admissions to be admitted. (Paper 9).  Defendant's requests for admissions sought factual admissions from the Government regarding dates and amounts owed for Defendant's 1988, 1989, and 1990 tax returns.  (Paper 9, Attach. 1, at 2-4).  Defendant contends that the Government missed the thirty-day deadline to respond to Defendant's requests for admissions.  (Paper 9, at 1).  The Government replies that it did not receive the responsive documents until August 7, 2009.  (Paper 10, at 2). The Government attached its responses to Defendant's requests for admissions to its opposition to Defendant's motion, filed on August 13, 2009.

   The Government filed a motion for summary judgment on September 8, 2009.  (Paper 11).  Defendant filed a motion for summary judgment on September 8, 2009 (Paper 12), and a cross motion for summary judgment on September 15, 2009 (Paper 13).

Defendant contends that the statute of limitations to collect income taxes for the 1988, 1989, and 1990 tax years expired, and that he owes no taxes for those years.  He also claims that the Government wrote-off all sums owed for those years and that the six-year statute of limitations to assess income taxes for 1988 and 1989 expired before the August 3, 1997 notice of deficiency was mailed, and prior to the February 23, 1998 supplemental income tax assessment date.  The facts related to the statute of limitations issue will be discussed later.

**II.  Requests for Admissions**

Fed.R.Civ.P. 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." *Id.*  Subsection (b) provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

3

Defendant served requests for admissions and then filed his motion after what he contends was the expiration of the thirty day period when he had received no response.  The Government acknowledges that its responses were somewhat late, but disputes when they were actually due.  Furthermore, the Government asks that the court extend the time for responding.  Technically, Defendant's requests for admissions were deemed admitted when no answer or objection was served within thirty days, or within whatever extended period was agreed to by the parties.  On the other hand, Defendant understood that Plaintiff intended to respond, and he received the responses only a few days late.  It does not appear that Defendant was prejudiced by the brief delay in receiving the responses and extending the time, *nunc pro tunc*, is appropriate under the circumstances.  *See, Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995)(applying earlier version of Rule 36 and affirming district court's decision to allow serving responses one day late).  Alternatively, the court may relieve a party from the effect of an admission by allowing its withdrawal and amendment.  For the same reason, the absence of prejudice and brief delay, the Government will alternatively be granted permission to withdraw the automatic admission and serve amended responses.

**III. Motions for Summary Judgment**

    **A.    Standard of Review**

The parties have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P 56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). In other words, if there clearly exists factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See Scott v. Harris*, 127 S.Ct. 1769, 1774 (2007); *Emmett,* 532 F.3d at 297. A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. *Celotex Corp.*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."

5

*Id*.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 254; *Celotex Corp.*, 477 U.S. at 324.  "A mere scintilla of proof, however, will not suffice to prevent summary judgment."  *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson*, 477 U.S. at 249.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id*. at 249-50. (citations omitted).

**B.   Analysis**

The Government seeks summary judgment on its claim that the Defendant is indebted to the United States for unpaid federal income taxes, penalties, and statutory interest in the amount of $795,709.84 as of February 25, 2009.  It has supported that motion with a declaration and certified records, thus shifting the burden to Defendant to produce evidence refuting the Government's position.  *See United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980).  Defendant does not contend that the assessments were not made, but rather contends that the statute

6

of limitations to collect income taxes for the 1988, 1989, and 1990 tax years expired, and that he owes no taxes for those years. He also claims that the Government wrote-off all sums owed for those years and admitted those facts by failing to respond to the requests for admissions. The latter argument is now foreclosed by the court's allowance of the late service of responses to the requests for admissions.[1] Finally, he argues that the six-year statute of limitations to assess income taxes for 1988 and 1989 expired before the August 3, 1997 notice of deficiency was mailed and the February 23, 1998 supplemental income tax assessment date.

The following facts are undisputed or are viewed in favor of the non-moving party, Defendant. The assessments which the Government seeks to reduce to judgment were made on February 23, 1998. Without tolling, in accordance with the ten-year statute of limitations set forth in 26 U.S.C. 6502(a)(1), the statute of limitations for collection would have expired on February 22, 2008. Defendant, however, made an offer-in-compromise to the Government on June 16, 2006. (Paper 11, Attach. 2, Goode Decl., Ex. 1, at 5; Ex. 2, at 4; Ex. 3, at 3). The Government rejected

---

[1] Plaintiff apparently relied on what the Government describes as a clerical error to seek these admissions.

Defendant's offer-in-compromise on June 19, 2007.  (*Id.*).  The Government filed this case on February 24, 2009.  (Paper 1).

Based on these undisputed facts, the Government argues that while the ten-year statute of limitations would have expired on February 23, 2008, Defendant made an offer-in-compromise, which tolled the statute of limitations and resulted in the expiration date of February 25, 2009.  The Government maintains that its complaint was timely filed on February 24, 2009.  The Government also asserts that the assessments did not violate any statute of limitations because they are fraud penalty assessments under 26 U.S.C. § 6663 and additional tax assessments and interest based on false or fraudulent returns with intent to evade taxes, which, under 26 U.S.C. § 6501(c)(1), can be assessed at any time.  Defendant has not responded to those arguments.

Section 6331 of the tax code provides that the statute of limitations is suspended when the Government is prohibited from making a levy.  26 U.S.C. § 6331(i).  One of the situations in which the Government may not make a levy is when an offer-in-compromise is pending.  *Id.* at § 6331(k)(1).  Reading subsections (i) and (k) together, the statute of limitations for collection is suspended "during the period that an offer-in-compromise . . . is pending with the Secretary; and . . . if

such offer is rejected . . . during the 30 days thereafter." *Id.* at 6331(i), (k)(1)(A)-(B).

Here, the Government rejected Defendant's offer-in-compromise on June 19, 2007.  The period between June 16, 2006 and June 19, 2007 was 368 days.  Because Section 6331(k)(1) prohibited the Government from collecting from Defendant for an additional thirty days after it rejected Defendant's offer-in-compromise, the total period in which the Government could not collect from Defendant was 398 days.  Therefore, the original ten-year statute of limitations was extended by 398 days and expired on March 26, 2009.  Because the Government filed this case on February 24, 2009, it was timely filed under the collection statute of limitations.

Additionally, Defendant is incorrect that the Government's assessments were subject to a six-year assessment statute of limitations and that the statute of limitations expired before the August 3, 1997 notice of deficiency was mailed and the February 23, 1998 supplemental income tax assessment date.  The assessments the Government seeks to reduce to judgment are fraud penalty assessments under 26 U.S.C. § 6663.  According to 26 U.S.C. § 6501(c)(1), "[i]n the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun

without assessment, at any time." *Id.* Thus, the Government's assessments were not untimely.

Because Defendant's only objections to the Government's assessments and collection were statutes of limitations, summary judgment will be granted in favor of the Government.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment will be granted and Defendant's motions will be denied. Judgment will be entered in the amount of $795,656.84, the amount that was due and owed on February 25, 2009.[2] A separate Order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

[2] The Government seeks $795,709.84 for "unpaid federal income taxes, penalties, and statutory interest" as of February 25, 2009. (Paper 11, Attach. 1, at 5). The Government also requests "statutory additions and interest according to law accruing from February 25, 2009, until paid" and the costs of this action. (Paper 1, at 4). The $795,709.84 that the Government seeks is based on the Kellye Goode's declaration, which sums the unpaid assessed balance for tax years 1988, 1989, and 1990 as of February 29, 2008 and the accrued penalties and interest for those years to February 25, 2009. There is an error in Goode's calculation of the sum for 1988. While Goode's declaration states that the sum of $42,024.33 and $67,537.26 is $109,614.59, the sum of those two amounts is actually $109,561.69. The difference in the Government and court's calculation is $53. The judgment will be $795,656.84. The Government may seek any additional statutory penalties, interest, or additions, if allowed by law. Costs may be taxed by the Clerk in accordance with Fed.R.Civ.P. 54(d) and Local Rule 109.1.